Frank J. Nebush, Jr., Esq. Town Attorney, Russia
As Town of Russia attorney, you request our opinion on the legality of the procedure followed in 1977 to reduce the size of the town board from five to three members through elimination of two councilmen and on how the membership can now be increased from three to five members by addition of two councilmen.
In 1977, pursuant to Town Law § 60-a subd 2, a resolution was adopted to reduce the number of councilmen on the town board. One of the offices was to be eliminated commencing January 1, 1978 (i.e., no election would be held in 1977 to fill that office) and the other on January 1, 1980 (i.e., no election would be held in 1979 to fill that office). This two-step approach was used because the duties of the offices of town justices in towns of the second class were altered by Town Law §§ 60
and 60-a subd 1 in that they no longer would be members of the town boards and as their terms expired, they would be replaced on the town boards by the election of additional town councilmen. Town Law § 60-a
subd 2, authorized reduction in the size of town boards but in no event (except as provided elsewhere in the Town Law) to less than three members. The change was authorized to be made by resolution subject to permissive referendum.
The resolution of the town board to reduce the number of members recited that pursuant to Town Law § 60-a subd 2, the resolution was subject to a permissive referendum.
Town Law Article 7, consisting of sections 90 through 94, is entitled "PERMISSIVE REFERENDUM". Section 90 provides that any act taken by a town board which is subject to a permissive referendum shall be subject to a referendum on petition. The Article goes on to provide the notice which is required to acquaint the public with their rights to sign a petition requiring that the matter be submitted to a referendum. You report that notice of the resolution reciting that it was subject to a permissive referendum was published and posted in a timely manner. You also report that no petition demanding a referendum was filed.
Town Law § 94 allows a town board passing a resolution subject to a referendum on petition to require a referendum on it, even without a petition. Here, the town board did not pass a resolution to submit the change to the electors under Town Law § 94 (see Matter of Ecker vTown of West Seneca, 87 Misc.2d 322, at p 324 [Sup Ct, Erie Co, 1976]).
In our opinion, the steps taken to decrease the number of members of the town board were proper and complete. The procedure to reduce the number of councilmen on the town board was proper.
You also inquire whether, if the number of councilmen was properly reduced to two, the number may now be increased to four.
In our opinion, Municipal Home Rule Law § 10 subd 1 par (ii) subpar a cl 1, authorizes a town to increase the number and fix the terms of office of town councilmen. In your case, you propose to increase the number by two; the first term of office for one of the councilmen would be two years to be followed by regular four-year terms, and the other councilman would have a four-year term from the beginning. The local law must be submitted to a referendum pursuant to Municipal Home Rule Law § 23 subd 2 par g.